UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| MARY TURNER and TYLER CRUTCHFIELD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHARI'S MANAGEMENT CORPORATION, a Foreign Profit Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | NO. 3:24-cv-5577<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Pierce County Superior Court<br>Case No. 24-2-08712-1 |

TO:         The United States District Court for the Western District of Washington;

AND TO:   Plaintiffs Mary Turner and Tyler Crutchfield, and their attorneys of record Craig Ackermann, Brian Denlinger, Avi Kreitenberg, Ackermann & Tilajef, P.C., 2602 North Proctor Street, Suite 205, Tacoma, Washington 98406

PLEASE TAKE NOTICE that Defendant Shari's Management Corporation ("Defendant"), by and through its undersigned counsel, hereby gives notice of removal of the above-referenced action from the Superior Court of Washington for Pierce County. This removal is based on jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity), § 1332(d) and § 1453 (the Class Action Fairness Act (CAFA)), and § 1441 (a)–(b). It is timely filed under

NOTICE OF REMOVAL – PAGE 1

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51098926.2

28 U.S.C. § 1446. This Notice of Removal is supported by the accompanying Declarations of Clarence M. Belnavis ("Belnavis Decl.") and Nicole Haug ("Haug Decl.").

## I.    BACKGROUND

The Complaint purports to seek relief from Defendant related to Washington's Equal Pay and Opportunities Act, RCW 49.58.110, requiring certain disclosures in job postings. Specifically, the Complaint seeks (1) damages for alleged violations of RCW 49.58.110, and (2) declaratory relief.

Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint and all process, pleadings, and orders served upon the Defendant is attached to the Belnavis Dec. as Exhibit 1. Pursuant to 28 U.S.C. § 1446(d), Defendant will give notice of the filing of this Notice of Removal to Plaintiffs and to the Clerk of the Superior Court of Washington for Pierce County, from which this case was removed. Belnavis Decl. ¶ 3. Defendant will also file its Notice of Appearance on July 17, 2024. Belnavis Decl. ¶ 6, Exhibit 2.

## II.    REMOVAL IS TIMELY

Removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendant is filing this Notice of Removal within thirty days after the Complaint was served. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Defendant first received a copy of the Complaint when it was served on June 18, 2024. Belnavis Decl. ¶ 4. Accordingly, this Notice of Removal has been filed within thirty days of receipt by Defendant through service of the Summons and Complaint as required by 28 U.S.C. §1446(b).

## III.    VENUE IS PROPER

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C.

NOTICE OF REMOVAL – PAGE 2

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51098926.2

section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court (the Western District of Washington) embraces the Pierce County Superior Court, which is where Plaintiffs' Complaint was originally filed and where the action is currently pending. Accordingly, this Court is the appropriate federal district court in which to remove this action.

## IV. SUBJECT MATTER JURISDICTION EXISTS

Defendant removes this action based upon diversity jurisdiction, 28 U.S.C. § 1332(a) and CAFA, 28 U.S.C. § 1332(d). As set out below, this action is removable per 28 U.S.C. § 1441(a) as (1) it is a case with complete diversity of citizenship between the named Plaintiffs and Defendant with over $75,000 in controversy and/or (2) it meets CAFA's requirements as (a) it is a putative class action in which at least one member of the class of plaintiffs is a citizen of a state different from that of any one defendant, satisfying minimal diversity requirements; (b) the proposed class is estimated to exceed 3000 members, and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A).

### A. Section 1332(a)(1) – Diversity Jurisdiction Exists

There is complete diversity of citizenship between the named Plaintiffs and Defendant. With respect to CAFA, it only requires minimal diversity—that is, that any one plaintiff is a citizen of a different state than any one defendant. 28 U.S.C. §§ 1332(d)(2)(A) and 1453.[1] Defendant is incorporated in Delaware and its corporate headquarters is located at 4350 Altha Rd. Suite 110, Farmers Branch, Texas 75244. Haug Decl. ¶ 3. High-level officers of Defendant in this lawsuit work, direct, control, and coordinate activities out of this Texas office. In the materials Plaintiffs submitted through People Matter to Defendant, Plaintiff Mary Turner lists her location as Puyallup, Washington; Plaintiff Tyler Crutchfield lists his location as Olympia,

---

[1] The citizenship of Doe defendants is immaterial for purposes of determining minimal diversity under CAFA or otherwise. 28 U.S.C. 1441(a); *see Bryant v. Ford Motor Co.*, 886 F.2d 1526 (9th Cir. 1989), *cert. denied*, 493 U.S. 1076 (1990); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

NOTICE OF REMOVAL – PAGE 3

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51098926.2

Washington; and in their Complaint they confirmed they live in Washington. Haug Decl. ¶ 5; Compl. ¶ 3. Because Plaintiffs and Defendant are citizens of different states, both complete diversity and minimal diversity exists here.

### 1. Plaintiffs' Citizenship

According to Plaintiffs' Complaint, they were residents of Washington. Compl. ¶ 3. In Plaintiffs' materials sent to Defendant, Plaintiffs show that they reside in Washington. Haug Decl. ¶ 5. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely.'" *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (internal citation omitted). While no single factor controls, domicile may be determined through factors such as a person's current residence, voting registration and practices, location of property, bank accounts, and spouse and family, memberships, place of employment, driver's license and automobile registration, and payment of taxes. *Lew*, 797 F.2d at 750. Moreover, the Ninth Circuit has held that in satisfying minimal diversity, "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

Therefore, Plaintiffs' submitted addresses and their own assertions in the Complaint show that they are residents, citizens of, and domiciled in Washington State.

### 2. Defendant's Citizenship

Defendant is incorporated and organized under the laws of Delaware, as previously explained. Haug Decl. ¶ 3. A corporation's "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation may only have a singular "principal place of business," which is the corporation's "nerve center." *Id.* at 81, 93.

///

NOTICE OF REMOVAL – PAGE 4

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51098926.2

"[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id*. at 93. Defendant maintains its corporate headquarters in Farmers Branch, Texas. Haug Decl. ¶ 3. High-level officers of Defendant work, direct, control, and coordinate activities in Texas.

### 3. The $75,000 Amount-in-Controversy is Met

For diversity jurisdiction, the amount-in-controversy must meet or exceed $75,000. 28 U.S.C. § 1332(a). Although Defendant denies that Plaintiffs or any putative class member are entitled to any relief, in determining the amount in controversy, the Court must assume Plaintiffs' allegations in the Complaint are true and that a jury will return a verdict for Plaintiffs on all claims in the Complaint. *See Cain v. Hartford Life & Acc. Ins.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." (Internal quotation marks omitted)). The amount in controversy is the total "amount at stake in the underlying litigation" which "includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (internal citations omitted) (diversity removal). "This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales,* 840 F.3d. at 648-69. *See also Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (in CAFA removal action, holding that when statute or contract provides for recovery of attorney fees, prospective attorney fees must be included in assessment of amount in controversy).

A defendant is entitled to rely on reasonable assumptions surrounding plaintiff's alleged claims, including the potential attorney fees awarded under fee shifting statutes. *Gonzales,* 840 F.3d. at 648-69. Further, the Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and does not require evidentiary submissions. *Dart Cherokee Basin*

NOTICE OF REMOVAL – PAGE 5

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51098926.2

*Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Here, Plaintiffs seek injunctive relief and attorney fees as set out in the remedies sections of RCW 49.58.110(4) and RCW 49.58.070(1). If this case proceeded to trial, Plaintiffs' recoverable attorney fees would easily exceed $75,000, even without consideration of the cost of complying with the injunction or any damages awarded. It is a reasonable estimate that the number of attorney hours to even just litigate this case to summary judgment (e.g., investigate and prepare a complaint, complete written discovery, respond to discovery, complete at least two depositions, prepare a summary judgment motion or oppose the same) will total at least 100 hours of work. A recent declaration submitted by Plaintiffs' lead counsel indicates that he has an hourly rate of $919 per hour; thus, the $75,000 amount in controversy will be reached after less than 100 hours of attorney work (not including hours billed by other attorneys, paralegals, and support staff) and costs. Belnavis Decl. ¶ 7, Exhibit 3 (*Tanya Shanahan, individually and on behalf of all others similarly situated, v. 7-Eleven, Inc., and Does 1-10*, Western District of Washington, at Tacoma, Case No. 3:22-cv-05484-BHS-JRC)**.** Furthermore, if a named plaintiff in a diversity class action has a claim with an amount in controversy in excess of $75,000, 28 U.S.C. § 1367 confers supplemental jurisdiction over claims of unnamed class members irrespective of the amount in controversy in their claims. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 858 (9th Cir. 2001).

### B. Section 1332(d)(2) – CAFA Jurisdiction Exists

The § 1332(a)(1) diversity determination, however, is not necessary, as the Court clearly has jurisdiction under the CAFA. "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs." *Ibarra*, 775 F.3d at 1195; 28 U.S.C. § 1332(d). As the Ninth Circuit noted, CAFA "significantly expanded federal jurisdiction in

NOTICE OF REMOVAL – PAGE 6

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51098926.2

diversity class actions." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010). The Supreme Court has advised "that no antiremoval presumption attends cases invoking CAFA," in part because the statute was enacted "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Jauregui v. Roadrunner Transp. Servs., Inc*., 28 F.4th 989, 993 (9th Cir. 2022) (reversing remand of putative class action based on CAFA where the trial court improperly "put[] a thumb on the scale against removal and questioning its statement that removal "must be rejected if there was any doubt as to removal); *Ibarra*, 775 F.3d at 1197 ("Congress intended CAFA to be interpreted expansively."). The following is intended to proactively address any concerns the Court may have regarding each CAFA requirement.

        1.     <u>Minimal Diversity</u>

Minimal diversity of citizenship exists for the reasons set out in Section IV.A.1–2.

        2.     <u>Class Size</u>

In the Complaint, Plaintiffs define the class as:

> All individuals who, from January 1, 2023 through the present (the "Class Period") applied for a job opening in the State of Washington with Defendant where the job posting did not disclose the wage scale or salary range for the position.

Compl. ¶ 14 (footnote omitted). By Plaintiffs' own estimation, "there are estimated to be hundreds of individuals in the Class," and "that joinder of all members is impractical." Compl. ¶ 16. Based on the Class as defined in Plaintiffs' Complaint, Defendant estimates that there were at least "hundreds of individuals" who were Washington residents and submitted applications during the relative time period and have preliminarily calculated that the putative class as defined by Plaintiffs Complaint to be a minimum of 3,000 applications beginning on January 1, 2023. Haug Decl. ¶ 6**.** Additionally, the preliminary total number of applicants is a

NOTICE OF REMOVAL – PAGE 7

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51098926.2

minimum of 3,000. Haug Decl. ¶ 6. Thus, the potential class as identified by Plaintiffs exceeds 100, as required by CAFA. 28 U.S.C. § 1332(d)(5)(B).

### 3. Amount in Controversy under CAFA

For CAFA, the amount in controversy must meet or exceed $5 million dollars. 28 U.S.C. § 1332(d)(2). Although Defendant denies that Plaintiffs or any putative class member are entitled to any relief, in determining the amount in controversy, the Court must assume Plaintiffs' allegations in the Complaint are true and that a jury will return a verdict for Plaintiffs on all claims in the Complaint. *Cain*, 890 F. Supp. 2d at 1249 ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." (internal quotation marks omitted)). The amount in controversy is the total "amount at stake in the underlying litigation" which "includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Gonzales*, 840 F.3d at 648 (internal citations omitted) (diversity removal).

Here, Plaintiffs seek: "statutory damages equal to the actual damages or five thousand dollars, whichever is greater" for Plaintiffs and each Class Member pursuant to RCW 49.58.070. Compl. ¶ 27. Plaintiffs describes the putative class broadly as "all individuals who . . . applied for a job in the State of Washington[.]" Compl. ¶ 3. Plaintiffs do not define "applied," and fails to distinguish among hired employees, hired applicants who ultimately declined the job, applicants who received interviews but not job offers, or even those who submitted applications regardless of skills or qualifications for employment. Putting aside that Plaintiffs' vague class definition overstates the reasonable reach of RCW 49.58.070(1), and their Complaint does not plead a legally tenable class or claim, potential statutory damages exceed the $5 million threshold for CAFA based on the number of potential class members as Plaintiffs have chosen to define them. In order to meet this threshold, Defendant would only need 1,000 applicants in order to meet the $5 million threshold (1,000 x $5,000) as the potential recovery under RCW 49.58.070(1). From January 1, 2023 to present, a minimum of 3,000

NOTICE OF REMOVAL – PAGE 8

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51098926.2

individuals, who are Washington applicants, have applied to Defendant's job postings. Haug Decl. ¶ 6. Assuming these 3,000 individuals qualify as "applicants" with the minimum $5,000 penalty applicable under RCW 49.58.070(1), the amount-in-controversy well exceeds the $5 million threshold to remove under CAFA.

Defendant emphasizes that this is not a concession of liability, and a party need not make such a concession to remove under CAFA. *Lewis,* 627 F.3d at 400 (holding that the district court erred by effectively asking the defendant to admit that at least $5 million of the controversial billings were "unauthorized" within the meaning of the complaint). *See also Arias,* 936 F.3d at 927 (vacating order of remand where trial court "seemed to have imposed a requirement that [the defendant] prove it actually violated the law at the assumed rate of violation in order to estimate the amount in controversy). Accordingly, Defendant has satisfied the $5 million threshold under CAFA in order to support removal.

## V. NOTICE OF REMOVAL TO STATE COURT

In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiffs' counsel and filed with the Clerk of the Pierce County Superior Court. Belnavis Decl. ¶ 3. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied.

## VI. CONCLUSION

Subject matter jurisdiction exists under 28 U.S.C. §1332(a) because there is diversity of citizenship between Plaintiffs and Defendant and at least $75,000 amount in controversy exists. Subject matter jurisdiction also exists under 28 U.S.C. §1332(d) because there is minimal diversity of citizenship inasmuch as at least one putative class member is a citizen of Washington and Defendant is a citizen of Delaware with its principal place of business in Texas. The putative class exceeds 100 members, and as pled, the amount in controversy exceeds the jurisdictional minimum. In addition, no CAFA exceptions apply. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Defendant

NOTICE OF REMOVAL – PAGE 9

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51098926.2

has properly removed this action to this Court. Defendant reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections.

DATED this 17th day of July, 2024.

FISHER & PHILLIPS LLP

By *s/ Clarence M. Belnavis*
Clarence M. Belnavis, WSBA #36681
1700 7th Avenue, Suite 2200
Seattle, WA 98101
Phone: 206.682.2308
Fax: 206.682.7908
Email: cbelnavis@fisherphillips.com

FISHER & PHILLIPS LLP

By *s/ Orchid A. Tosh*
Orchid A. Tosh, WSBA #62118
111 SW Fifth Avenue, Suite 4040
Portland, OR 97204
Phone: 503.242.4262
Fax: 503.242.4263
Email: otosh@fisherphillips.com
*Attorneys for Defendant Shari's Management Corporation*

NOTICE OF REMOVAL – PAGE 10

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51098926.2

# CERTIFICATE OF SERVICE

I hereby certify under the penalty of perjury that on the date below written, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and caused to be served a true and correct copy of same via US Mail and Email and addressed as follows:

Craig J. Ackermann
Brian Denlinger
Avi Freitenberg
ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, WA 98406
Email: cja@ackermanntilajef.com
Email: bd@ackermanntilajef.com
Emailak@ackermanntilajef.com
   *Attorneys for Plaintiffs*

DATED this 17th day of July, 2024.

　　　　　　　　　　　　　　　　　　　*s/Clarence M. Belnavis*
　　　　　　　　　　　　　　　　　　Clarence M. Belnavis, WSBA #36681
　　　　　　　　　　　　　　　　　　Orchid A. Tosh, WSBA #62118
　　　　　　　　　　　　　　　　　　*Of Attorneys for Defendant Shari's Management Corporation*

CERTIFICATE OF SERVICE – PAGE 1

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51098926.2