UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY TURNER; TYLER CRUTCHFIELD,<br><br>Plaintiffs,<br><br>v.<br><br>SHARI'S MANAGEMENT CORPORATION; DOES 1-10,<br><br>Defendants. | CASE NO. 3:24-cv-05577<br><br>ORDER |

Fisher & Phillips LLP, Clarence Belnavis, Ryan Jones, and Orchid Tosh (collectively, "Defense Counsel") move to withdraw as counsel of record for Defendant Shari's Management Corporation ("Shari's") because Shari's is "unable to continue paying for legal representation[.]" Dkt. No. 12 at 2. This would typically suffice as a reason to withdraw, as many courts have allowed attorneys to withdraw when a client can no longer pay its legal bills. *See, e.g.*, *Bilbeisi v. Safeway,* No. C22-0876-JCC, 2023 WL 1778835, at *1 (W.D. Wash. Feb. 6, 2023). But to withdraw as counsel of record, an attorney must comply with the technical rules in LCR 83.2(b). One such rule is that "[i]f a withdrawal will leave a party unrepresented, the motion

**ORDER** - 1

to withdraw must include the party's address and telephone number." LCR 83.2(b)(1). Granting the instant withdrawal will leave Shari's unrepresented. But the motion does not include Shari's telephone number. This is a minor deficiency, but one that prevents the Court from granting the instant motion.

The Court thus DENIES the Defense Counsel's motion to withdraw without prejudice. Defense Counsel may submit an amended motion fixing the above-discussed deficiency within 14 days of this Order.

It is so ORDERED.

Dated this 20th day of December, 2024.

Jamal N. Whitehead
United States District Judge

**ORDER** - 2