1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY TURNER; TYLER CRUTCHFIELD,<br><br>    Plaintiffs,<br><br>  v.<br><br>SHARI'S MANAGEMENT CORPORATION; DOES 1-10,<br><br>    Defendants. | CASE NO. 3:24-cv-05577<br><br>ORDER STAYING CASE |

14

15

16

17

18

19

20

21

22

23

  This matter comes before the Court on Plaintiffs Mary Turner and Tyler Crutchfield's Motion to Stay Case. Dkt. No. 19. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether a stay is appropriate, the Court must weigh various interests, including: (1) the possible damage to result from granting the stay; (2) the hardship to the parties if the suit proceeds; and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be

expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Here, the interests of the parties, of the Court, and of justice warrant a stay. According to Plaintiffs, Defendant Shari's Management Corporation ("Shari's") has been non-cooperative and non-responsive throughout litigation; did not attend the Parties' scheduled mediation; is "experiencing significant financial difficulties, including adverse judgments and operational challenges"; and "may be on the verge of filing for bankruptcy." Dkt. No. 19 at 2–3. Plaintiffs state that "[a]llowing the case to proceed without Defendant's cooperation or participation would prejudice Plaintiffs by delaying resolution and increasing litigation costs" and that "[a] stay allows the parties and the Court to await clarity regarding Defendant's financial and legal status." *Id.* at 4. Plaintiffs further state that given "the strong likelihood" that Shari's will file for bankruptcy, "it is prudent to stay this case preemptively to avoid unnecessary motion practice or procedural complications." *Id.* Shari's does not oppose the motion to stay. *See* Dkt.; *see also* LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). Indeed, no party indicates that a stay will cause hardship.

Accordingly, Plaintiffs' motion to stay the case is GRANTED, and this case is STAYED. Dkt. No. 19. The Court ORDERS the parties to submit a Joint Status Report (JSR) every NINETY (90) days, throughout the duration of the stay, informing the Court about any relevant updates, including information, if any, regarding bankruptcy proceedings involving Shari's. If Shari's remains non-

responsive and therefore unavailable to participate in the JSR, Plaintiffs should say so in their submission(s) to the Court.

It is so ORDERED.

Dated this 5th day of March, 2025.

Jamal N. Whitehead
United States District Judge

ORDER STAYING CASE - 3